**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0493, <u>Jeffrey Thomas Clay v. Newmarket School District</u>, the court on April 6, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Jeffrey Thomas Clay, appeals an order of the Superior Court (<u>Wageling</u>, J.) in favor of the defendant, Newmarket School District, in his Right-to-Know action. <u>See</u> RSA chap. 91-A (2013 & Supp. 2016). He contends that: (1) the trial court erred by not interpreting RSA 91-A:3, III (2013) (amended 2015, 2016, & 2017) to require a public vote to seal minutes from a nonpublic meeting; and (2) the evidence was insufficient to support the trial court's implicit finding that the votes of the Newmarket Superintendent Search Committee (committee) sealing the minutes of four of its nonpublic sessions met the statutory criterion.

We review the trial court's statutory interpretation and its application of law to undisputed facts <u>de</u> <u>novo</u>. <u>N.H. Right to Life v. Dir., N.H. Charitable Trusts Unit</u>, 169 N.H. 95, 103 (2016). The ordinary rules of statutory construction apply to our review of the Right-to-Know law. <u>Id</u>. at 102-03. We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. <u>Id</u>. at 103. When examining a statute, we ascribe the plain and ordinary meaning to the words used. <u>Id</u>. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that it did not see fit to include. <u>Id</u>. If the language used is clear and unambiguous, we will not look beyond the language of the statute to discern legislative intent. <u>Maplevale Builders v. Town of Danville</u>, 165 N.H. 99, 103 (2013).

The parties do not dispute that, when the committee voted to seal the minutes from its nonpublic sessions at issue, RSA 91-A:3, III (2013) (amended 2016) provided that "[m]inutes and decisions reached in nonpublic session" could be sealed "by recorded vote of 2/3 of the members present." Nor do they dispute that the 2016 amendment to the statute, which provided that such minutes could be sealed by "recorded vote of 2/3 of the members present taken in public session," RSA 91-A:3, III (Supp. 2016), was not in effect at the time of these votes.

The trial court held that "[t]here was no requirement that the vote to seal be made [in] public . . . at the time the meetings took place." It noted that the 2016 amendment was "not made in response to a controversy on the

interpretation of the statute" and that, thus, the court "need not interpret the amendment . . . as a legislative interpretation of the original statute." Cf. Maplevale Builders, 165 N.H. at 105 ("Where a legislative amendment is enacted after a controversy arises as to the interpretation of a statute, it is logical to regard the amendment as a legislative interpretation of the original act."). We agree.

The plaintiff argues that the "statute's silence" as to whether the vote to seal records must be taken in public was not "implicit permission for the government to seal the vote to seal the records." He urges us to "encourage government bodies to err on the side of disclosure." However, the statute in effect at the time of the votes did not require that a vote to seal minutes be taken in public. When, as here, the language of a statute is unambiguous, we will neither look beyond it for legislative intent, see Maplevale Builders, 165 N.H. at 103, nor add language that the legislature did not see fit to include, see Right to Life, 169 N.H. at 103.

The plaintiff argues that the trial court's interpretation is "unreasonable" because it:  (1) "gives license to government bodies to resolve legal ambiguities in favor of non-disclosure"; (2) is inconsistent with "the judicial directive to interpret the statute in a way that maximizes public access" and with the "legislature's decision to create a default rule favoring disclosure"; (3) leaves the public "to speculate as to whether a non-public session occurred"; (4) immunizes the government "against any challenge to its decision to seal"; (5) denies the public "the opportunity to scrutinize the government action"; (6) ignores the fact that "[t]he justifications for sealing the minutes are limited"; and (7) runs counter to advice given by the New Hampshire Municipal Association and the New Hampshire School Boards Association.  However, we conclude that these are matters for the legislature to consider.  Indeed, the legislature has already addressed these concerns in its amendment to the statute.

We next address whether the evidence supported the trial court's finding that the vote to seal the minutes met the statutory criterion.  We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law.  Smith v. Pesa, 168 N.H. 541, 544 (2016).  We view the evidence in the light most favorable to the prevailing party, here, the defendant.  Id.  RSA 91-A:3, III authorizes the sealing of minutes when "divulgence of the information likely would affect adversely the reputation of any person other than a member of the public body itself."

The record reflects that at three of the meetings for which the minutes were sealed, the committee was interviewing applicants for the position at issue.  At the fourth meeting, the committee entered nonpublic session after a representative from the New England School Development Council "explained the process of choosing finalists" for the position.  The trial court could have

2

reasonably inferred that the committee discussed individual applicants during the nonpublic sessions and, thus, that one or more applicants' reputations could be adversely affected by making the minutes public. See State v. Sanborn, 168 N.H. 400, 413 (2015) (stating trial court may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom); cf. Clay v. City of Dover, 169 N.H. ___, ___ (decided Feb. 24, 2017) (holding materials related to hiring are exempt from disclosure pursuant to RSA 91-A:5, IV (Supp. 2016) because they pertain to internal personnel practices).

The plaintiff faults the trial court for not reviewing the minutes in camera or requiring a Vaughn index, see Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973). However, the record does not reflect that he requested that the trial court do so. He merely noted in his memorandum of law that "[t]he Town has not offered a redacted version of the minutes nor did it offer a Vaughn index."

Accordingly, considering the evidence in the light most favorable to the defendant, we conclude that the trial court's finding that the committee's votes to seal the minutes satisfied RSA 91-A:3, III was supported by the evidence and not legally erroneous. See Smith, 168 N.H. at 544.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3